UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSEPH D. FLORES, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | CIVIL CAUSE NO. 7:18-CV-00140 |
| | § | |
| COMPASS BANK AND SUBSTITUTE TRUSTEE SELIM H. TAHERZADEH, | § | |
| | § | |
| *Defendants*. | § | |

### DEFENDANT COMPASS BANK'S NOTICE OF REMOVAL

Defendant, Compass Bank, an Alabama Banking Corporation, authorized to do business as BBVA Compass ("Compass Bank") files its Notice of Removal of this action from the County Court at Law No. 5, Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division, the District and Division encompassing the place where the state court is located. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446. In support hereof, Compass Bank shows this Court as follows:

1.   Plaintiff Joseph D. Flores ("Plaintiff" or "Flores") commenced an action in the County Court at Law No. 5, Hidalgo County, Texas by filing his Original Petition and Request for Temporary Restraining Order and Injunctive Relief ("Petition"), entitled "*Joseph D. Flores v. Compass Bank and Substitute Trustee Selim H. Taherzadeh*" and pending as Cause No. CL-18-1721-E (the "State Court Action").

2. Removal is timely because thirty (30) days have not elapsed since any defendant was served with a summons or citation. 28 U.S.C. §1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day deadline to remove begins on the date the summons or citation is served even if the complaint is received at a prior date). Plaintiff filed his petition on April 27, 2018.

3. This Notice of Removal will be filed in the County Court at Law No. 5, Hidalgo County, Texas and a copy of this Notice of Removal will also be served on Plaintiff. Compass Bank is, contemporaneously with the filing of this Notice, giving notice of filing of this Notice of Removal with the clerk of County Court at Law No. 5, Hidalgo County, Texas.

4. All processes, pleadings, orders signed by the state judge, a copy of the state docket sheet, a complete list of all counsel of record, together with an index of such documents are attached hereto as Exhibits 1-4.

5. Compass Bank has filed contemporaneously with this Notice a civil cover sheet.

6. All Defendants, including Compass Bank and Selim Taherzadeh, consent to removal of this action

**GROUNDS FOR REMOVAL—FEDERAL QUESTION AND DIVERSITY JURISDICTION**

7. This Court has original jurisdiction over this case pursuant to 28 U.S.C. §§ 1441(b) and 1446 in that it arises under the laws of the United States. The Court may exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367.

8. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because, currently and at the time the State Court Action was filed, Plaintiff is a Texas resident while Compass Bank is a national banking association with its principal place of business and main office in

Alabama. *Id*. § 1332(c)(1). Selim Taherzadeh is solely named as trustee and no allegations are against him.

9. This removal is timely because the State Court Action was filed on April 2, 2018.

10. This case arises from Compass Bank's attempt to exercise its right under a valid Deed of Trust lien on Plaintiff's home.

11. On October 6, 2009 Plaintiff executed a Note and a Deed of Trust in the amount of $100,000.00. (*See* Petition at pg. 2 Section IV(A)).

12. The current holder of the promissory Note is Compass Bank. (*Id*.)

13. The Property is located at 1512 North Tower Road, Alamo, TX 78516 ("Property"). (*Id*. at pg. 2 Section IV(C)).

14. The Property was set for the May 1, 2018 because Plaintiff was delinquent on his monthly payments to Compass Bank (*Id*. at pg. 2 Section IV(D) and (E)).

15. Plaintiff alleges he tendered scheduled monthly payments as agreed and alleges Compass Bank accepted late payments. (*Id*. at pg. 3 Section IV(E) and (F)).

16. Plaintiff alleges he never received a demand letter and alleges Defendants failed to provide his right to cure the default. (*Id*. at pg. 3 Section IV(H) and (I)).

17. Plaintiff admits to tendering late payments and alleges those payments were accepted and deposited by Compass Bank. (*Id*. at pg. 3 Section IV(J)).

18. Plaintiff alleges he has made a due diligent effort to bring the account current but Defendant has refused to accept payment. (*Id*. at pg. 3 Section IV(K)).

19. Plaintiff alleges that Under the Federal Consumer Financial Protection Bureau servicing rules that went into effect January 10, 2014, the mortgage servicer must wait until Plaintiff is more than 120 days delinquent on payments before making the first official notice of

filing any nonjudicial or judicial foreclosure. (*Id*. at pg. 4 Section VI). Plaintiff is alleging that Compass Bank violated the Real Estate Settlement Procedures Act ("RESPA").

20. Under 28 U.S.C. § 1441(a), a defendant may remove a state court action to federal court as long as the action is one "of which the district courts of the United States have original jurisdiction . . . ." Here, this Court has original jurisdiction, and thus removal jurisdiction, over Plaintiff's claims. *See Yousif v. Ocwen Mortgage Co., LLC*, 2010 U.S. Dist. LEXIS 83699 at *4-7 (E.D. Mich. Aug. 16, 2010) (holding removal proper because plaintiffs' claims rested on RESPA).

21. Plaintiff's State Court Action leaves no doubt that the resolution of the case necessarily depends on a substantial question of federal law by stating that there has been a violation of the Real Estate Settlement Procedures Act.

22. A federal question can arise in two instances: first, when a plaintiff's right to relief is created by federal law; and two, when the plaintiff's right to relief is created by state law but the resolution of the case necessarily depends on a substantial question of federal law. *Dixon v. Coburg Dairy, Inc.,* 369 F.3d 811, 816 (4th Cir.2004).

23. For a federal question to arise when a plaintiff's right to relief is created by state law, the district court must conclude that the state-law claim necessarily raises an explicit federal issue, the federal issue is actually disputed and substantial, and a federal forum can entertain the issue without disturbing any congressionally approved balance of federal and state judicial responsibilities. *Grable & Sons Metal Prods. V. Darue Eng'g & Mfg.,* 545 U.S. 308, 314 (2005).

24. Plaintiff alleges that there was a violation of RESPA. RESPA is a federal statute and thus alleging a violation of RESPA creates a substantial question of law.

25. Additionally, and as stated earlier, Compass Bank is a diverse party as it is an incorporated business in the state of Alabama. Selim Taherzadeh, although a resident of Texas, was named as a trustee and is improperly joined as there are no allegations against him. For diversity jurisdiction, the remaining issue is the amount in controversy.

26. A federal court ordinarily determines the amount in controversy by looking at the amount claimed in the state court petition. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). In this case, the original principal amount of the loan is $100,000.00 (*See* Petition at pg. 2 Section IV(A)). The 2018 appraised value according to Hidalgo County Appraisal District is $354,582.00 and the outstanding balance of the loan as of February 13, 2018 is $109,852.94.

27. Plaintiff's Original Petition erroneously attempts to defeat diversity jurisdiction by naming a Texas resident as defendant, namely the Substitute Trustee Selim H. Taherzadeh.

28. Under the improper joinder doctrine, federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly-joined non-diverse and/or in-state defendant. *See, e.g., Smallwood v. Ill. Cent. R.R.,* 385 F.3d 568 (5th Cir.2004) (en banc), *cert. denied,* 544 U.S. 992 (2005). "[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state [or non-diverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state [or non-diverse] defendant." *Id.* at 573.

29. Furthermore, Plaintiff cannot establish a cause of action against the non-diverse party. *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *see also Campbell v. Stone Ins., Inc.*, 509 F. 3d 665, 669 (5th Cir. 2007) (observing that the standard for

evaluating a claim of improper joinder is similar to that used for motions to dismiss but broader because the pleadings may be pierced).

30. Plaintiff has not pled a claim for which relief can be granted against the Substitute Trustee, Selim Taherzadeh. *See* Texas Property Code Section 51.007 stating that the trustee is not a necessary party because the trustee was named as a party solely in the capacity as a trustee under a deed of trust.

## VENUE

31. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the Texas County Courts of Hidalgo County, Texas, the forum in which the removed State Court Action is pending.

## PROCEDURAL REQUIREMENTS

32. Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached:

- Exhibit 1—Index of matters being filed.
- Exhibit 2—All pleadings asserting causes of action: Plaintiff's Original Petition and Request for Temporary Restraining Order; the Temporary Restraining Order; Defendant Selim Taherzadeh's Original Answer; Defendant Compass Bank's Answer to Original Petition, Special Exceptions, and Request for Disclosure.
- Exhibit 3—State Court Docket sheet from "*Joseph D. Flores v. Compass Bank and Substitute Trustee Selim H. Taherzadeh*" and pending as Cause No. CL-18-1428-F in the County Court at Law No. 5, Hidalgo County, Texas.
- Exhibit 4—List of all counsel of record, including telephone numbers, addresses, and parties represented.

33. Pursuant to 28 U.S.C. § 1446(a), Compass Bank is serving this notice of removal on Plaintiff and filing a copy of this Notice with the County Court at Law No. 5, Hidalgo County, Texas.

## PRAYER FOR RELIEF

Defendant Compass Bank prays that the above-described action now pending in the County Court at Law No. 5, Hidalgo County, Texas, be removed to this Court.

Date: May 4, 2018

Respectfully submitted,

BY: */s/ Selim H. Taherzadeh*

**TAHERZADEH, PLLC**

Selim H. Taherzadeh
st@taherzlaw.com
Texas Bar No. 24046944
5011 Spring Valley Rd., Suite 1020W
Dallas, Texas 75244
Tel. (469) 729-6800
Fax. (469) 828-2772

**ATTORNEYS FOR DEFENDANT COMPASS BANK**

## CERTIFICATE OF SERVICE

I certify that on May 4, 2018 this document was served upon the following via e-mail:

Joseph Flores
1512 N. Tower Road
Alamo, Texas 78516
(956) 330-3111
Reyco.jdflores2500@yahoo.com
**PRO-SE PLAINTIFF**

A courtesy copy is being sent via email to the following:

Juan Angel Guerra
The Law Office of Juan Angel Guerra
10210 Fair Park Blvd.
Harlingen, Texas 78550
Juanangelguerra1983@gmail.com
Tel. (956) 428-1600
Fax. (956) 428-1601


                              */s/ Selim Taherzadeh*
                              Selim Taherzadeh